NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**XIAOHUA HUANG,**

*Plaintiff-Appellant*

**v.**

**HUAWEI TECHNOLOGIES CO., LTD.,**

*Defendant-Appellee*

---

2017-1505, 2017-1767, 2017-1893, 2017-2092, 2017-2229

---

Appeals from the United States District Court for the Eastern District of Texas in No. 2:15-cv-01413-JRG-RSP, Judge J. Rodney Gilstrap.

---

Decided: June 8, 2018

---

XIAOHUA HUANG, Campbell, CA, pro se.

E. LEON CARTER, Carter Scholer Arnett & Mockler PLLC, Dallas, TX, for defendant-appellee. Also represented by SCOTT W. BREEDLOVE, JOHN STEVEN TORKELSON; GREGORY A. CASTANIAS, DANIEL KAZHDAN, Jones Day, Washington, DC.

---

Before REYNA, LINN, and CHEN, *Circuit Judges.*

PER CURIAM.

Appellant Xiaohua Huang, proceeding *pro se*, appeals several rulings from the United States District Court for the Eastern District of Texas, including the district court's grant of summary judgment of noninfringement and grant of attorneys' fees and expert costs. Mr. Huang has filed five separate appeals in this court, all pertaining to the district court action.[1] The five appeals have been consolidated and are addressed below. Because the district court did not err or abuse its discretion in granting summary judgment, granting attorneys' fees and costs, and in other rulings challenged by Mr. Huang, we *affirm*.

BACKGROUND

I.     Initiation of the Lawsuit

Mr. Huang is the owner of U.S. Patent Nos. 6,744,653, 6,999,331, and RE45259 (collectively, the "Huang patents"). The Huang patents relate to ternary content addressable memory ("TCAM") technology in the field of semiconductor chips. TCAM is a type of computer memory used in search applications that can achieve high-speed routing and switching in networking devices.

---

[1]     Mr. Huang filed a first appeal (2017-1505) after summary judgment of noninfringement. Mr. Huang filed a second appeal (2017-1767), challenging the district court's decision to award unquantified fees and several of the underlying orders. Mr. Huang's third appeal (2017-1893) concerns the district court's quantified fee award and several of the same underlying orders. Mr. Huang's fourth (2017-2092) and fifth (2017-2229) appeals are largely duplicative of the first three appeals.

On August 14, 2015, Mr. Huang filed the original complaint on behalf of himself and his company, CMOS Micro Device Inc. ("CMOS"), which develops TCAM technology. The complaint alleged that Huawei Technologies Inc. ("Huawei") infringed the Huang patents by making and selling "switches." SAppx29. Huawei filed a motion to compel CMOS to obtain counsel on the grounds that a corporation may not proceed *pro se*. In response, Mr. Huang amended his complaint to drop CMOS from the lawsuit.

Early in the case, the parties jointly moved for entry of an agreed protective order. The protective order provided that certain types of confidential information designated as "attorneys' eyes only" would be subject to disclosure only to counsel, including outside counsel and "in-house counsel with no competitive decision-making authority." SAppx59–62. The protective order also limited disclosure of information designated as confidential source code to "outside counsel and up to three (3) outside consultants or experts." *Id.*

On December 1, 2015, Mr. Huang served his infringement contentions pursuant to local patent rules, accusing seven Huawei switches and routers of infringement on the basis that they contained certain third-party chips that allegedly infringed the Huang patents. On January 20, 2016, Mr. Huang filed a third amended complaint following additional early motion practice. The amended complaint also included contentions that Huawei products infringed on the basis of products from third-party suppliers.

## II.    Discovery and Rule 11 Motions

After serving invalidity contentions, Huawei served a Rule 11 safe-harbor letter[2] on Mr. Huang on March 22, 2016.  The letter asserted that Mr. Huang's claims were baseless and that a pre-suit investigation would have revealed that some of the accused products were never sold in the United States.  Huawei also made various documents available, including documents from third-party suppliers designated as attorneys' eyes only pursuant to the protective order.  Huawei contended that the documents showed that the accused products did not infringe the Huang patents and requested that Mr. Huang hire an attorney who could have access to the designated information to evaluate Huawei's contentions.  Mr. Huang refused Huawei's request, and on May 23, 2016, Huawei filed a Rule 11 motion.

A few days later, Mr. Huang filed motions to amend the complaint and his infringement contentions in order to add seventy-four additional Huawei products.  All of the additional products were listed on Huawei's public website on December 1, 2015, when Mr. Huang initially served his infringement contentions.

On July 8, 2017, Mr. Huang filed the first of several motions to compel access to information designated as attorneys' eyes only and confidential source code.  Mr. Huang took no depositions and served no interrogatories during discovery.

---

[2]    Pursuant to Federal Rule of Civil Procedure 11, Huawei's letter attached its intended motion for Rule 11 sanctions and gave Mr. Huang notice of Huawei's intent to move at least twenty-one days in advance of filing.

III.    The July 2016 Hearing and Stay of the Case

In lieu of a planned *Markman* hearing, the magistrate judge set a hearing for July 27, 2016, on several pending motions, including Mr. Huang's first motion to compel, his motions to amend the infringement contentions and the third amended complaint, and Huawei's Rule 11 motion. The court denied Mr. Huang's motion to compel the designated confidential information on the basis that Mr. Huang was prohibited from personally gaining access to it under the terms of the protective order. The court denied the motion without prejudice, instructing Mr. Huang that he could re-file it after retaining counsel who could seek access to the designated information. The court also denied Mr. Huang's motions to amend the infringement contentions and the complaint for lack of good cause.

At the hearing, the court explained the difficulties Mr. Huang would face in satisfying the burden of proof in his case without access to designated confidential information and encouraged him to obtain counsel. Mr. Huang repre-sented that he had tried to retain counsel and would continue to do so. Mr. Huang also asserted that he could prove his case without personally gaining access to the confidential information by hiring a third party to reverse engineer the accused chips, a process that he acknowl-edged would cost hundreds of thousands of dollars. SAppx1066–75. Despite Mr. Huang's assertion that he did not need access to confidential information, the court stayed the case for sixty days to allow Mr. Huang time to seek assistance of counsel and deferred ruling on Huawei's Rule 11 motion.

About two weeks after the July hearing, during the stay, Mr. Huang filed the first of several more motions to compel the same type of designated confidential infor-mation he previously sought. Mr. Huang also filed addi-tional motions to amend the complaint and to amend

infringement contentions—the same motions denied by the court at the July hearing. The court denied all of Mr. Huang's renewed motions without prejudice in light of the stay.

At this point, Mr. Huang filed a separate patent infringement suit, alleging infringement of the Huang patents by the same seventy-four Huawei products he attempted to add to his first case. Mr. Huang then filed a motion to consolidate the two cases.

## IV.    Summary Judgment

On September 29, 2016, Huawei moved for summary judgment of noninfringement as to all three Huang patents. Huawei asserted that summary judgment was warranted for lack of infringement evidence and because its own evidence established noninfringement. In response to Huawei's motion, Mr. Huang submitted exhibits of purported reverse-engineering images and drawings, including hand-drawn figures, that he had not produced in discovery. His exhibits also included declarations from previously undisclosed witnesses. Huawei moved to strike several of Mr. Huang's exhibits on various grounds, including failure to produce or disclose them during discovery.

On November 22, 2016, the magistrate judge issued a combined order and report and recommendation on summary judgment and several other motions. The magistrate judge recommended granting summary judgment, finding that Mr. Huang had not raised a triable issue of fact, and noted that Mr. Huang chose not to hire an attorney that would have been able to access protective order information on the Huawei products. The magistrate judge granted Huawei's motion to strike on the basis that Mr. Huang failed to produce or disclose during discovery the exhibits that he submitted with his response.

In the same order, the court denied third and fourth motions to compel filed by Mr. Huang.  Mr. Huang had recently retained experts and asserted that they should have access to the designated information he sought in his prior motions to compel.  The court reasoned that providing the experts with the designated information would be of no use to Mr. Huang, referring to the reasons explained at the July hearing.  Four days after the magistrate judge's order, Mr. Huang filed a fifth motion to compel similar information, which the court denied.

On December 7, 2016, the district judge adopted the magistrate judge's November 22 order and report and recommendation, overruling objections filed by Mr. Huang.  The next day, Mr. Huang filed a second challenge to the magistrate judge's ruling, which the district judge again denied while confirming that Mr. Huang's claims were dismissed.

## V.    Attorneys' Fees and Costs

On January 31, 2017, Huawei moved for fees and expert costs under 35 U.S.C. § 285 and the court's inherent power.  In support, Huawei submitted declarations stating that Mr. Huang repeatedly contacted Huawei's in-house counsel about settlement, despite Huawei's outside counsel's repeated instructions to Mr. Huang not to do so.  The declarations asserted that Mr. Huang had stated that he sued Huawei because he believed the case would quickly settle for $1.5 million, that he did not want to share revenue with a lawyer, and that he would continue filing motions to force Huawei to incur legal fees.  Huawei's fees motion also pointed to Mr. Huang's allegations that Huawei, its attorneys, and its third-party declarants had purportedly made perjured statements in

Huawei's summary judgment declarations.[3]  Mr. Huang responded by making additional unsupported perjury allegations.

After a hearing, the magistrate judge granted Huawei's fees motion, finding that the case was exceptional under § 285 and worthy of granting expert costs under the court's inherent power.  The court found that Mr. Huang "offered no satisfactory explanation for his litigation conduct," which the court determined was in bad faith and an abuse of the judicial process.  *Xiaohua Huang v. Huawei Techs. Co.*, No. 2:15-CV-1413, 2017 WL 1133201, at *3–4 (E.D. Tex. Mar. 27, 2017).  The court found that Mr. Huang's motion practice corroborated the statements about Mr. Huang's litigation motives in Huawei's declarations in support of its fees motion.  The court noted it had given Mr. Huang ample opportunity to retain assistance of counsel and that Mr. Huang's *pro se* status did not relieve him from the consequences of frivolous litigation conduct.  On these grounds, the court awarded attorneys' fees and costs to Huawei.

In quantifying the fees and costs awarded, the magistrate judge limited the amount to those incurred from the date of Huawei's Rule 11 safe-harbor letter to the grant of summary judgment on December 7, 2016.  The court awarded a total of $604,036.71.[4]

---

[3]    Mr. Huang's unsupported perjury allegations began after dismissal of his claims and Huawei's rejection of a five-figure settlement offer, and included filing a motion requesting that Huawei's declarants be criminally prosecuted.

[4]    Mr. Huang objected to the magistrate judge's decision by making additional accusations of perjury and characterizing the magistrate judge's ruling as "deliber-

This court has jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

I.    Summary Judgment

Huawei moved for summary judgment of noninfringement on the basis that Mr. Huang presented no evidence showing the structure or operation of the accused Huawei products to support his allegations of infringement. Huawei also contended that it presented affirmative evidence of noninfringement through its own documents and declarations from Huawei employees and a technical expert. The district court granted Huawei's motion for summary judgment and dismissed Mr. Huang's claims. Mr. Huang argues that the district court erred because he presented evidence of infringement through several exhibits attached to his opposition to Huawei's summary judgment motion. We agree with the district court.

We review a grant of summary judgment under the law of the regional circuit, in this case, the Fifth Circuit. *See Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1376 (Fed. Cir. 2017). The Fifth Circuit reviews a grant of summary judgment *de novo. Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007). On appeal from a grant of summary judgment of noninfringement, we determine whether no reasonable jury could find infringement after resolving reasonable factual inferences

_____

ately an abuse of discretion." Appx6. In overruling the objections, the district judge warned that he "may issue further sanctions for [Mr. Huang's] flagrant abuse of the judicial process" and unsupported allegations against Huawei and the magistrate judge. SAppx24.

in favor of the patentee. *IMS Tech., Inc. v. Haas Automation, Inc.*, 206 F.3d 1422, 1429 (Fed. Cir. 2000).

Mr. Huang failed to produce any evidence showing the structure or operation of Huawei's accused products or how the limitations of the claims of the Huang patents were met by such accused products. Without Mr. Huang having access to information on the accused Huawei products, he could not show how they purportedly infringed the Huang patents. Moreover, Huawei presented unrebutted evidence of noninfringement. Even considering the evidence in the light most favorable to Mr. Huang, it does not establish a genuine dispute of material fact such that a reasonable jury could find infringement. *See* Appx13, 20–21. Accordingly, we affirm the district court's grant of summary judgment of noninfringement.

Mr. Huang also challenges the district court's decision to grant Huawei's motion to strike several exhibits attached to his response in opposition to Huawei's motion for summary judgment, including purported reverse-engineering records. Mr. Huang contends that because he filed his opposition with the attached exhibits on the last day of discovery, the district court erred in granting Huawei's motion to strike. Huawei responds that the district court properly struck Mr. Huang's exhibits because they consisted of declarations from previously undisclosed witnesses and were based on purported reverse-engineering records that were never produced, in violation of Mr. Huang's discovery obligations.

"A district court's rulings regarding evidence it will consider in deciding a motion for summary judgment are reviewed for abuse of discretion." *Tex. E. Transmission Corp. v. Amerada Hess Corp.*, 145 F.3d 737, 741 (5th Cir. 1998); *see also United States v. Phillips*, 219 F.3d 404, 409 (5th Cir. 2000) ("We review the district court's admission of evidence for an abuse of discretion."). We agree that

Mr. Huang's failure to meet his discovery obligations by not producing information[5] central to his case provides a sufficient basis for striking Mr. Huang's exhibits. Thus, the district court did not abuse its discretion in granting Huawei's motion to strike.

## II.    Attorneys' Fees and Costs

The district court found that this was an exceptional case and granted attorneys' fees to Huawei under § 285. We agree. An "exceptional" case "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014). "[T]he exceptional-case determination is to be reviewed only for abuse of discretion." *Id.* We give deference to the district court as it "is better positioned to decide whether

---

[5]    The record indicates that Mr. Huang withheld this information from Huawei, despite its repeated requests to produce it. While Mr. Huang claims that he provided the information at issue with his summary judgment opposition on the last day of discovery, the record shows that he relied on declarations from witnesses who had never been previously disclosed. *See e.g.*, SAppx755, 883–85. Moreover, the record indicates that he never produced the raw data underlying several exhibits to his summary judgment opposition. *See* SAppx884. Mr. Huang's amended initial and additional disclosures, filed after the close of discovery, indicated that he had information "ready to be released to Defendant upon [*sic*] the Defendant provides the information which Plaintiff required [*sic*]" and listed the same types of confidential information subject to his motions to compel that he requested from Huawei. SAppx 776.

a case is exceptional . . . because it lives with the case over a prolonged period of time." *Id.* (internal quotation marks omitted).

The record reflects that Mr. Huang presented no evidence to support his litigation position and that Mr. Huang litigated the case in a frivolous manner. Mr. Huang submitted no evidence of pre-suit investigation and no evidence of infringement. Huawei submitted evidence that Mr. Huang's intent from the outset of the litigation was to force Huawei to incur legal fees in hopes that it would quickly settle. Mr. Huang did not attempt to refute this evidence except with baseless allegations of perjury against Huawei's declarants and counsel. Further, Mr. Huang's accelerating motion practice as the case progressed, including filing repetitive and nearly identical motions, was unreasonable litigation conduct and consistent with the declarations submitted by Huawei in support of its fees motion.

As the district court observed, *pro se* plaintiffs have been held liable for attorneys' fees simply because their patent infringement actions had no evidentiary basis, even without similar litigation misconduct as in this case. *See, e.g.*, *Yufa v. TSI Inc.*, No. 09-CV-1315, 2014 WL 4071902, at *4 (N.D. Cal. Aug. 14, 2014); *Comora v. Thermo Cardiosystems, Inc.*, No. 91-CV-5620, 1992 WL 315226, at *4 (C.D. Cal. May 5, 1992). Accordingly, we affirm the district court's award of attorneys' fees under § 285.

The district court also granted expert costs under its inherent power. Several times, the district court found that Mr. Huang's litigation behavior constituted bad faith and an abuse of the judicial process. Appx6, 14. We review the district court's grant of sanctions under its inherent power *de novo*. *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 590 (5th Cir. 2008). Upon review of the record,

we agree with the findings of the district court. Accordingly, the district court did not err in invoking its inherent authority to award expert costs.

CONCLUSION

Mr. Huang challenges several other rulings made by the district court. We have reviewed Mr. Huang's remaining arguments and consider them to be without merit. For the foregoing reasons, the court *affirms* the district court's grant of summary judgment of noninfringement, grant of attorneys' fees and expert costs, and the other district court rulings challenged by Mr. Huang.

**AFFIRMED**

COSTS

Costs to Appellee.